UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, AS OWNER AND OPERATOR OF THE MOTOR VESSEL KRISTIN ALEXIS, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

**VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of Marquette Transportation Company Gulf-Inland, LLC (hereinafter "Limitation Plaintiff"), as owner and operator, respectively, of the motor vessel KRISTIN ALEXIS (the "Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, alleges upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

2.

At all times hereinafter mentioned, Limitation Plaintiff Marquette Transportation Company Gulf-Inland, LLC was, and now is, a limited liability company organized and existing under and by virtue of the laws of State of Delaware with its principal place of business in Harahan, Louisiana, and is, at all times hereinafter mentioned, the owner and/or operator of the Vessel.

3.

The Vessel is an inland towing vessel bearing official number 596468, built in 1978 with principal dimensions of 61.8 feet in length and 24.1 feet in breadth.

4.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the Vessel in all respects seaworthy; and at all times hereinafter described, the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged until the occurrence of the incident hereinafter described.

5.

On October 22, 2013, the M/V CHEMBULK WESTPORT was underway, navigating downbound in the Mississippi River. At approximately 0930 hours, while transiting the New Orleans harbor, CHEMBULK WESTPORT passed the moored KRISTIN ALEXIS close at an excessive rate of speed. CHEMBULK WESTPORT's wake flooded the KRISTIN ALEXIS and caused her to capsize next to the dock. The CHEMBULK WESTPORT is owned by Mi-Das Line, SA.

6.

The incident occurred as a result of the negligence of the CHEMBULK WESTPORT and not by any reason of any negligence or fault on the part of the KRISTIN ALEXIS.

7.

The Vessel was a constructive total loss following the incident.

8.

Venue is proper in this Court under Supplemental Rule F(9). Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint. Further, the Vessel has not been arrested or attached in any District, the Vessel is currently located in this District, and the Vessel's home port is located in this District.

9.

As a result of the incident, Marquette has been placed on notice for personal injury claims by one or more of its crewmembers. The incident, any personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Plaintiff, the Vessel, or any person for whom or which Limitation Plaintiff was or might be responsible.

10.

The incident, any personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom, were caused and occurred without the privity or knowledge of Limitation Plaintiff.

11.

This Complaint is filed within six months from the date Limitation Plaintiff received first notice of a claim by Adam Verdin's counsel, in a letter dated March 11, 2014.

12.

The post incident value of Limitation Plaintiff's interest in the vessel following the casualty described above is $0.00.

13.

The total of pending freight/hire for this voyage is $0.

14.

Limitation Plaintiff has a reasonable basis upon which to believe it possible that claims will be asserted and prosecuted against it in amounts exceeding the total sum they may be required to pay under the laws of the United States relating to the exoneration from or limitation of liability.

15.

Limitation Plaintiff claims exoneration from liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor. Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code (46 U.S.C. §§ 30501, *et seq.*), and the various statutes supplemental thereto and amendatory thereof, and to that end, Limitation Plaintiff herewith deposits with the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

16.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessel and its pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

17.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Limitation Plaintiff prays that:

(1)   This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(2)   This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all

actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid accident;

(3)     This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(4)     The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Limitation Plaintiff and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability; and

(5)     Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  /s/ *Evans Martin McLeod*
Evans Martin McLeod (Bar No. 24846)
David I. Clay, II (Bar No. 33776)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: mcleodm@phelps.com
clayt@phelps.com

ATTORNEYS FOR MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

Evans Martin McLeod

who, being duly sworn, did depose and say:

1. That he is the attorney for Marquette Transportation Company Gulf-Inland, LLC in the captioned and numbered proceeding;

2. That he is authorized to make this affidavit and to file the foregoing Complaint in Limitation on behalf of petitioner;

3. That he has read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information, knowledge and belief, and

4. That the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives.

_____
Evans Martin McLeod

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10th DAY
OF SEPTEMBER, 2014.

_____
NOTARY PUBLIC

DAVID I. CLAY II
NOTARY PUBLIC
LA BAR No.33776, ID No.131500
Parish of Orleans, State of Louisiana
My Commission is issued for Life

PD.12323432.1